UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL AZIZ ZARIF SHABAZZ,<br><br>      Plaintiff,<br><br>-against-<br><br>ANTHONY J. ANNUCCI, *Acting Commission of the Department of Corrections*; DAVID UHLER, *Superintendent of Upstate Prison*; WOODRUFF, *Deputy of Security*; BAILEY, *Prison Guard* ; T. NELSON, *FOIL Supervisor*,<br><br>      Defendants. | 19-CV-11819 (CM)<br><br>TRANSFER ORDER |

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, a New York City resident, brings this *pro se* action under 42 U.S.C. § 1983, regarding events occurring in 2016, when he was incarcerated at Upstate Correctional Facility. Named as defendants are Anthony Annucci, the Acting Commissioner of the New York State Department of Correction and Community Supervision; and the following Upstate Correctional Facility employees: Superintendent David Uhler, Deputy of Security Woodruff; Prison Guard Bailey; and FOIL Supervisor T. Nelson. Plaintiff seeks leave to proceed *in forma pauperis* (IFP).

## DISCUSSION

Under the general venue provision, a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the district where the person is domiciled. 28 U.S.C. § 1391(c)(1).

For venue purposes, a defendant corporation generally resides "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question . . ." 28 U.S.C. § 1391(c)(2). Where a state has more than one judicial district, a defendant corporation generally "shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State." 28 U.S.C. § 1391(d).[1]

Plaintiff filed this complaint regarding events occurring at Upstate Correctional Facility, located in Malone, Franklin County, New York, where the Upstate Correctional Facility employees reside. Commissioner Annucci resides in Albany, New York. Because Plaintiff does not allege that Defendants reside in this District or that a substantial part of the events or omissions underlying his claim arose in this District, venue does not appear to be proper in this District under § 1391(b)(1) or (2).

Even if venue were proper here, however, the Court may transfer claims "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a).[2] "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). Moreover, courts may transfer cases on their own initiative. *See Bank of Am., N.A. v. Wilmington Trust FSB*, 943 F. Supp. 2d 417,

---

[1] In a state with multiple districts, if there is no such district, "the corporation shall be deemed to reside in the district within which it has the most significant contacts." 28 U.S.C. § 1391(d).

[2] Plaintiff filed a substantially similar complaint in the Northern District of New York. Attached to this complaint is a Northern District order denying Plaintiff leave to proceed *in forma pauperis* because his affidavit "fail[ed] to provide any information concerning his financial circumstances." *Shabazz v. Annucci*, 19-CV-1323 (N.D.N.Y. Dec. 5, 2019) (granting Plaintiff thirty days to either pay the filing fee or submit a new IFP application.

426-427 (S.D.N.Y. 2013) ("Courts have an independent institutional concern to see to it that the burdens of litigation that is unrelated to the forum that a party chooses are not imposed unreasonably on jurors and judges who have enough to do in determining cases that are appropriately before them. The power of district courts to transfer cases under Section 1404(a) *sua sponte* therefore is well established." (quoting *Cento v. Pearl Arts & Craft Supply Inc.*, No. 03-CV-2424, 2003 WL 1960595, at *1 (S.D.N.Y. Apr. 24, 2003))); *see also Lead Indus. Ass'n. Inc. v. OSHA.*, 610 F.2d 70, 79 (2d Cir. 1979) (noting that "broad language of 28 U.S.C. § 1404(a) would seem to permit a court to order transfer *sua sponte*").

In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under § 1404(a), transfer appears to be appropriate in this case. The underlying events occurred in Malone New York, where most defendants appear to reside. Plaintiff filed this complaint in that district first. Malone, New York is located in Franklin County, which falls within the Northern District of New York. See 28 U.S.C. § 112(a). Venue is therefore proper in

the Northern District of New York. *See* 28 U.S.C. § 1391(b). Based on the totality of the circumstances, the Court concludes that it is in the interest of justice to transfer this action to the United States District Court for the Northern District of New York. 28 U.S.C. § 1404(a).

## LITIGATION HISTORY AND WARNING

Plaintiff was barred under 28 U.S.C. § 1915(g) from filing actions IFP while a prisoner, unless he is under imminent danger of serious physical injury. *See Shabazz v. Annucci*, ECF 1:18-CV-0118, 3 (S.D.N.Y. Jan 9, 2018). Because he is no longer in custody, the § 1915(g) bar does not apply to him.

In light of Plaintiff's litigation history, however, the Court finds that he was or should have been aware when he filed this case that many of his claims are duplicative or lack merit. *See Sledge v. Kooi*, 564 F.3d 105, 109-10 (2d Cir. 2009) (discussing circumstances where frequent *pro se* litigant may be charged with knowledge of particular legal requirements). Plaintiff is warned that the Court may bar any vexatious litigant (including a nonprisoner) from filing future actions (even if the filing fee is paid) without first obtaining leave from the Court. *See In re Martin-Trigona*, 9 F.3d 226, 227-30 (2d Cir. 1993) (discussing sanctions courts may impose on vexatious litigants, including "leave of court" requirement).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Northern District of New York. The Clerk of Court is further directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  January 9, 2020
        New York, New York

                                                    COLLEEN McMAHON
                                         Chief United States District Judge